IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TANGALA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:19-cv-588 |
| | § | |
| | § | |
| CALIFORNIA GRILL, LLC  d/b/a | § | |
| FOXY'S CABARET | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff, TANGALA CARTER, files this Complaint and Jury Demand against Defendant CALIFORNIA GRILL, LLC. d/b/a FOXY'S CABARET alleging willful violation of Title VII of the Civil Rights Act of 1964, as amended, the Texas Commission on Human Rights Act, and 42 U.S.C. §1981.  For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff TANGALA CARTER is a resident of Travis County, Texas.

2. Defendant CALIFORNIA GRILL, LLC d/b/a FOXY'S CABARET is an entity which can be served with Citation through its Registered Agent, Robert D. Axelrod, 5300 Memorial Drive, Suite 1000, Houston, TX 77007.

3. At all times relevant to this case, Defendant California Grill, LLC acted as Plaintiff's employer.

4. This Court has jurisdiction to hear the merits of Ms. Carter's claims under 28 U.S.C. §1331.

5. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in within this district and division.

## II.
## FACTUAL BACKGROUND

6. Plaintiff was hired by the Defendant in June 2017 as a waitress.

7. Soon after she began working at Foxy's, Ms. Carter began hearing employees using the word "nigga" on the job. The first time she heard that was when three waitresses, all of whom are white, were singing along with a song that the DJ was playing that had the word "nigga" in it. She then realized that white employees use the word "nigga" at Foxy's every day, generally to address or refer an African-American employee or customer.

8. In Ms. Carter's first month of employment at Foxy's one of the managers, Taylor Radcliff, who is white, came up to her and said "what's up nigga?" She was shocked, and told Mr. Radcliff that it made her feel uncomfortable for him to use that word. However, he continued to call Ms. Carter that word even after she told him she did not like it. After that, Mr. Radcliff continued to use the word "nigga" around or toward Plaintiff during every shift when they worked together, which was quite frequently.

9. In or around October 2017, Plaintitff asked one of the waitresses, who is white, why she used the word "nigga" so much. Ms. Carter told the waitress that it made her feel uncomfortable. After that, she began hearing it used even more.

10. Ms. Carter had several customers ask her why she continued working at Foxy's when the "n" word was used so often. On one occasion, one of the customers got angry hearing

Mr. Radcliff use the "n" word, and Ms. Carter had to calm the customer down because he was about to get violent.

11. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunnity Commission alleging race discrimination and retaliation by the Defendant on December 7, 2017. The EEOC served notice of the Charge on Defendant on December 21, 2017.

12. When Ms. Carter arrived at work on December 29, 2017, she noticed that the managers were assigning all of the customers who came in to the white waitresses, and would not assign her any customers. She spent the first hour of her shift not having anything to do. Trying to find something to do, she stocked the bars and asked a few customers if they needed anything, but management would not assign her any work to do or any customers to take care of.

13. Approximately an hour into Ms. Carter's shift, a customer she knew was seated in the VIP area, and she went to the VIP area to see if he needed anything. As soon as she arrived at the entrance to the VIP area, she was told by the security guards at the entrance to the area that she would not be allowed to enter. Ms. Carter explained that she knew the customer who was in there, but they would not let her enter. Several minutes later, she saw two of the white waitresses, Ashley and Erica, go up to the VIP area and they were permitted to enter.

14. After Ms. Carter was not permitted to go to the VIP area, and still had not been assigned to wait on any customers, she told Dave, one of the managers, that she was not feeling well, and requested permission to leave for the evening. Dave asked her to come to the office with him and one of the other managers, Dan. Ms. Carter told them that she did not have any customers and was just standing around, and asked if it was ok if she left. Dave told her that if she left, she would be abandoning her job. She asked him how that could be, since she was not

being allowed to do any work. Dave then told Plaintiff she would have to sign a warning for leaving early. Ms. Carter then informed Dan that she could not continue to work at Foxy's, and turned in her resignation.

## III.
## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION AND RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

15. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

16. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

17. Defendant is an employer within the meaning of Title VII.

18. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that,

> "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

19.     Defendant intentionally discriminated against Plaintiff because of her race in violation of Title VII by subjecting Plaintiff to the events described above, including but not limited to subjecting Plaintiff to race-based harassment and a racially hostile work environment, and constructively discharging Plaintiff.  The conduct of the Defendant was so severe or pervasive as to create a hostile working environment for the Plaintiff.  Defendant further retaliated against Plaintiff for engaging in protected activity, including by constructively discharging her from her position.

## COUNT TWO - DISCRIMINATION AND RETALIATION
## IN VIOLATION OF 42 U.S.C. § 1981

20.     42 U.S.C. §1981 prohibits race discrimination and retaliation in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

21.     Defendant intentionally discriminated against Plaintiff because of her race and in retaliation for her complaints of race discrimination in violation of 42 U.S.C. §1981 by unlawfully discharging her.  Plaintiff made a discrimination complaint, participated in a discrimination investigation, and opposed a discriminatory practice by Defendant, suffered materially adverse employment actions as a result in that Defendant connstructively terminated Plaintiff's employment.  The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**COUNT THREE -**
**DISCRIMINATION AND RETALIATION UNDER THE**
**TEXAS COMMISSION ON HUMAN RIGHTS ACT**

22.     Discrimination. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of race, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff's race was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's race moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

23.     Retaliation. In addition, Defendant retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing race discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

**IV.**
**DAMAGES**

24.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and

front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

25. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her race. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

26. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

27. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including

preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.
## JURY DEMAND

28. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East Fifth Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF