IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TANGALA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:19-cv-588 |
| | § | |
| | § | |
| CALIFORNIA GRILL, LLC d/b/a | § | |
| FOXY'S CABARET | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant objects to certain evidence and documents submitted with Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. For the reasons that follow, Defendant's objections should be overruled.

**1.      Defendant's Objection to Plaintiff's Fact Appendix**

Defendant objects to Plaintiff's submission of a Fact Appendix, arguing that it "does not constitute summary judgment evidence." Def. Reply at 1. However, each statement within the Fact Appendix is supported with a citation to the evidentiary record filed by Plaintiff as part of her Response. The appendix was submitted pursuant to Local Rule CV-7(d)(1), which permits the use of an appendix to summarize factual information, and was intended as a guide for the Court to the evidence submitted with Plaintiff's summary judgment Response. Accordingly, the objection should be overruled.

**2.      Ms. Carter's Declaration does not contradict her deposition testimony**

Defendant claims that certain portions of Ms. Carter's Declaration, which was attached as Exhibit 1 to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, should not be considered by the Court in ruling on summary judgment, as, Defendant claims, they contradicted Ms. Carter's deposition testimony. That contention is incorrect. Each alleged inconsistency will be addressed in turn.

**a.      Testimony regarding cleaning tasks being assigned disproportionately to Black employees**

Defendant objects to Ms. Carter's Declaration testimony that "Shortly after I began working at Foxy's, I also noticed that Black employees were made to clean chairs and tables, but white employees were not." Defendant cites Ms. Carter's deposition at 117:23-119:19 to argue that all employees were required to do these tasks. That is not what Ms. Carter testified to. She testified that: "[t]hey would tell us to clean the chairs, like the actual chairs . . . they would actually make is clean the chairs while the white waitresses were sitting down, counting their tips or talking or outside even." Exhibit 3 (deposition of Tangala Carter) at 118:7-12. She further testified that "the Caucasian servers, they would do one and do this, barely put it on there and walk off and do whatever they are doing, and we are like: "Okay. We thought everybody was supposed to be doing this." Carter depo. At 118:16-119:3. While Defendant is correct that there was a meeting to address these disparities, Ms. Carter did not testify otherwise in her declaration. Nor did Ms. Carter's declaration contradict her deposition testimony that when she had refused to perform these tasks, because she had observed white employees not having to do so, she was not disciplined. Her declaration also does not contradict her deposition testimony that after the meeting, the disparities in cleaning job assignments did not change. Carter depo. at 119:10-15.

**b.     Substance of discussion with Tommy Perkins**

Ms. Carter testified in her EEOC Charge and her Declaration that when she spoke with Tommy Perkins, she discussed the use of the word "nigga" as well as her concerns about disparities in job assignments and differences in how Black employees were spoken to. Carter declaration at paragraph 10. Defendant claims that Ms. Carter's deposition testimony concerning the meeting with Mr. Perkins only discussed the racial slurs, and not the disparities in job assignments and treatment. Def. Reply at 2-3. However, that is because counsel for Defendant only asked Ms. Carter about the slurs in the part of the deposition cited by Defendant (pp. 98-99). Beginning at page 97, line 4, Defense counsel questioned Ms. Carter about Taylor Radcliffe's use of racial slurs, starting with: "we'll talk about Taylor some more. You mentioned you have a conversation with Taylor where he -- he -- you allege he used the "N" word . . ." Carter depo. at 97. Counsel then asked Ms. Carter whether she "complained about this to any other managers," and Ms. Carter responded that she spoke to "Tommy [Perkins]." Carter depo. at 98:98:2-98:14. The remainder of the questions deal with Ms. Carter's discussion about Mr. Radcliff's use of slurs with Mr. Perkins. At no time during that section of the deposition did defense counsel ask Ms. Carter about the other allegations in her EEOC charge and Complaint - that she had also told Mr. Perkins about the differences in treatment between Black and White employees. Ms. Carter testified in her EEOC charge, which was made an exhibit to her deposition by counsel for Defendant, that "[o]n November 4, 2017, I told one of our managers, Tommy Perkins, who I understand to be the general manager of the facility, that I was not comfortable with the word "nigga" being used so much, and with the difference in treatment between the white employees and black employees. I told him that I had observed that

3

the white employees were treated much better than the black employees, given easier job duties and being talked to less harshly than the black employees. I told him I felt that something was not right with that difference in treatment." Exh. 2 to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. Defendant's failure to inquire about these allegations during Ms. Carter's deposition, and to give her the opportunity discuss them, does not allow Defendant to now claim that her deposition testimony contradicts her Declaration.

    c.    **Hours being cut**

Defendant contends that Ms. Carter's testimony in her Declaration that she texted one of the managers, Dave Thomas, about her hours being cut, somehow contradicts her deposition because she did not mention it during the deposition. Def. Reply at 3. However, Defendant's counsel did not ask Ms. Carter during her deposition about any text messages with Dave, despite the fact that she referred to those text messages in her EEOC charge, which was an exhibit to her deposition. Exh. 2. *See* Deposition of Tangala Carter. Ms. Carter did testify in her deposition, in response to questions from Defense counsel, that she asked Dave about being able to work more hours after her hours were reduced, but Dave never got back to her about it. Carter depo. at 123:23-124:4. At no place in the deposition did Ms. Carter deny texting Mr. Thomas about her hours being cut, or contradict her Declaration testimony about texting Mr. Thomas. Regarding Defendant's contention that the text messages would be the "best evidence" of the exchange, Ms. Carter does not still have the text messages with Mr. Thomas, so they were not produced, and cannot be considered "best evidence" that would justify striking her Declaration testimony about them.

### d. Discussion with Dan regarding table assignments

Ms. Carter testified in her Declaration at para. 17 that in early December 2017, she spoke with Dan, one of the managers, about table assignments not being done equitably. In her deposition, Defense counsel asked her about a similar conversation with Dan that took place on the night of December 29, 2019, but not about the conversation earlier in December. And Ms. Carter testified regarding her last night of employment that she told managers Dave and Dan that she did not have any customers, and was just standing around, and "I'm being kept from waiting on -- on customers." Def. Exh. D at 2; Carter depo. at 73:5-9. Accordingly, Defendant has not provided any basis for striking Ms. Carter's testimony in paragraph 17 of her Declaration.

Based on the foregoing, Defendant has provided no basis for this Court to disregard the competent summary judgment evidence presented in Plaintiff's Declaration. For the reasons stated in Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, the Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ Kell A. Simon
Kell Simon
Texas Bar No. 24060888
THE LAW OFFICES OF KELL A. SIMON
501 North IH 35, Suite 111
Austin, Texas 78702
(512) 898-9662
(512) 368-9144 (Fax)

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

By my signature hereunder affixed, I certify that a true and correct copy of the foregoing document has been transmitted to all parties of record **via CM/ECF**, on this 1st day of December, 2020, addressed as follows:

DARRELL L. BARGER
dbarger@hartlinebarger.com
BRIAN S. RAWSON
brawson@hartlinebarger.com
STEPHANIE ROARK
sroark@hartlinebarger.com
ROY B. MCKAY
rmckay@hartlinebarger.com
HARTLINE BARGER LLP
1980 Post Oak Blvd, Suite 1800 Houston, TX 77056
(713) 951-4250
(713) 652-2419 facsimile

/s/ Kell A. Simon
Kell A. Simon