IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TANGALA CARTER, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:19-CV-588-RP |
| CALIFORNIA GRILL, LLC d/b/a FOXY'S CABARET, | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Plaintiff Tangala Carter's ("Carter") Objections to Defendant's Exhibits 3 and 4, (Pl.'s Objs., Dkt. 37), and Carter's Motion to Strike John Hennings ("Hennings") as a witness, (Mot. Strike, Dkt. 39). Defendant California Grill, LLC, d/b/a Foxy's Cabarey ("Foxy's") filed a response to Carter's Motion to Strike. (Def.'s Objs., Dkt. 44).

As to the objection to Exhibits 3 and 4, Carter specifically objects to the admission of the EEOC notices dismissing her claims. (Pl.'s Objs., Dkt. 37, at 1). Having reviewed the relevant case law, the Court agrees with Carter that the language of the EEOC decisions is likely to prejudice the jury, and that the weight of authority is against admitting exhibits of this kind. *See Weathersby v. One Source Mfg. Tech., L.L.C.*, 378 F. App'x 463, 465 (5th Cir. 2010); *Cortes v. Maxus Expl. Co.*, 977 F.2d 195, 202 (5th Cir. 1992); *Stratton v. Jackson State Univ.*, No. 320CV00202TSLRPM, 2021 WL 6804250, at *1 (S.D. Miss. May 17, 2021); *Houston v. Mississippi Dep't of Hum. Servs.*, No. 3:13CV773-DPJ-FKB, 2015 WL 7777275, at *2 (S.D. Miss. Dec. 2, 2015); *Smith v. Tower Auto. Operations, USA, 1, LLC*, No. 3:13-CV-00967-CWR, 2014 WL 1404734, at *2 (S.D. Miss. Apr. 10, 2014). As such, the Court will sustain Carter's objection.

At the final pretrial conference, Foxy's argued that if the Court excludes the EEOC notices, it should also exclude Carter's EEOC charge, (Plaintiff's Exhibit 1, the "Charge"), as hearsay and

1

because of its potential to prejudice the jury. The Court finds that the Charge is not offered for the truth of what it asserts, and so is not excludable as hearsay. The Court further finds that the Charge has a high probative value to Carter's claims. As Foxy's cites no authority for its request to exclude the charge, the Court finds it within its discretion to overrule this objection. However, the Court will entertain a stipulation from the parties instructing the jury on the resolution of the EEOC investigation to avoid any potential for confusion. In the absence of a stipulation, the Court will make the jury aware of the outcome of the investigation.

Regarding the exclusion of Hennings as a witness, the Court agrees with Foxy's that, having deposed the witness, Carter is not unduly prejudiced by his testimony. (Mot. Strike, Dkt. 39). The Court is unconvinced that earlier notice regarding Foxy's intention to present testimony from Hennings would have materially altered Carter's trial preparation. Although Carter claims she "would have conducted discovery very differently," sought out witnesses who worked with Hennings, and "request[ed] documents related to [his] employment," the Court finds that Carter's opportunity to depose Hennings sufficiently cured any potential prejudice. (*Id.* at 3). Thus, the Court will deny the motion to strike and objection to the witness.

Accordingly, **IT IS ORDERED** that Carter's Objections to Defendant's Exhibits 3 and 4 are **SUSTAINED**, Foxy's Objection to Plaintiff's Exhibit 1 is **OVERRULED**, and Carter's Motion to Strike Hennings as a witness is **DENIED**.

**SIGNED** on March 22, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE