Filed 3/30/22

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY:_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TANGALA CARTER,                           §
                                          §
         Plaintiff,                       §
                                          §
v.                                        §              1:19-CV-588-RP
                                          §
CALIFORNIA GRILL, LLC d/b/a               §
FOXY'S CABARET,                           §
                                          §
         Defendant.                       §

## JURY CHARGE

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

## I. INSTRUCTIONS FOR THE JURY

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in

1

light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## INSTRUCTION NO. 1

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiff Tangala Carter has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Carter has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

## INSTRUCTION NO. 2

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general

2

rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Additionally, I remind you that anything you may have seen or heard during this trial other than testimony from witnesses and exhibits admitted into evidence should be disregarded.

## INSTRUCTION NO. 3

### WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not

necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

### INSTRUCTION NO. 4

### LAWSUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### II. CLAIM INSTRUCTIONS

### INSTRUCTION NO. 5

### HOSTILE WORK ENVIRONMENT – COWORKERS

Plaintiff Tangala Carter claims she was subjected to a hostile work environment by her coworkers Erica Nobles, Ashley Weaver, and Taylor Ratcliff, and that her employer, Defendant California Grill, is responsible for the harassing conduct.

Defendant California Grill denies the claims and contends that when Plaintiff Tangala Carter informed Defendant California Grill of her complaint, Defendant California Grill took prompt remedial action. Defendant California Grill contends it did not know of any subsequent harassment

4

and Plaintiff did not communicate the subsequent harassment to a person with the authority to receive, address, or report the complaint prior to Plaintiff Tangala Carter's job abandonment.

It is unlawful for an employer to create or allow a racially hostile work environment or to fail to take remedial action when the employer knew, or should have known, that a coworker harassed an employee because of that employee's race.

For Defendant California Grill to be liable for creating or allowing a racially hostile work environment, Plaintiff Carter must prove by a preponderance of the evidence that Defendant California Grill allowed Plaintiff to be subjected to a racially hostile work environment by other employees of Defendant California Grill, and that the harassment was sufficiently severe or pervasive to:

1. alter the terms or conditions of Plaintiff Carter's employment; and

2. create a hostile or abusive work environment.

Plaintiff Carter must also prove that Defendant California Grill knew, or in the exercise of reasonable care should have known, that Plaintiff Tangala Carter was being being subjected to a racially hostile work environment. To make this showing, Plaintiff Tangala Carter must prove that:

1. the harassment was known by or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or the harassment was so open and obvious that Defendant California Grill, LLC should have known of it; and

2. Defendant California Grill, LLC failed to take prompt remedial action designed to stop the harassment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff Carter's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a

mere offensive utterance; and whether it unreasonably interfered with Plaintiff Carter's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on race. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to race, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, or other verbal conduct that creates a hostile work environment based on race may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Plaintiff Carter's perspective and from the perspective of a reasonable person. First, Plaintiff Carter must actually have found the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff Carter would find the conduct offensive.

"Prompt remedial action" is conduct by the employer that is reasonably calculated to stop the harassment and remedy the situation. Whether the employer's actions were prompt and remedial depends on the facts. You may look at, among other things, the effectiveness of any actions taken.

**INSTRUCTION NO. 6**

**RETALIATION**

Plaintiff Tangala Carter claims that she was retaliated against by Defendant California Grill for engaging in activity protected by Title VII and 42 U.S.C. Section 1981. Plaintiff Carter claims that she opposed the use of racial slurs in her workplace. Plaintiff Carter claims that Defendant

6

California Grill retaliated against her by reducing her work hours and limiting her ability to serve Defendant's customers and, eventually, constructively terminating her employment.

Defendant California Grill, LLC denies Plaintiff Tangala Carter's claims and contends that there was no adverse employment action against Plaintiff Tangala Carter and that Plaintiff Tangala Carter walked off her shift and abandoned her job.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII and 42 U.S.C. Sec. 1981. To prove unlawful retaliation, Plaintiff Carter must prove by a preponderance of the evidence that:

1. Plaintiff Carter engaged in protected activity by opposing racial discrimination by Defendant's employees.

2. Defendant California Grill took adverse employment actions when it reduced Plaintiff's work hours, limited her ability to serve Defendant's customers and, eventually, constructively terminated her employment; and

3. Defendant California Grill's decision to take those actions against Plaintiff was on account of her protected activity.

For the first element, Plaintiff Carter claims that she engaged in protected activity when she opposed racial discrimination by Defendant's employees. That action is "protected activity" if it was based on Plaintiff Carter's good-faith, reasonable belief that Defendant California Grill discriminated against her because of her race. To show a good-faith belief, Plaintiff Carter must show that she honestly believed that Defendant California Grill discriminated against her because of her race. To show a reasonable belief, Plaintiff Carter must show that a reasonable person would, under the circumstances, believe that Defendant California Grill discriminated against her because of her race. Plaintiff Carter does not have to prove that Defendant California Grill actually

discriminated against her because of her race. But she must prove that she had a good-faith, reasonable belief that Defendant California Grill did so.

For the second element, Plaintiff Carter claims that Defendant California Grill took an adverse employment action against her when Defendant California Grill reduced Plaintiff's hours, limited her ability to serve customers, and eventually, constructively terminated her employment. You must decide whether any of those actions, if they occurred, is an "adverse employment action." An "adverse employment action" is an action that would have made a reasonable employee reluctant to make or support a charge of discrimination. If a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Defendant California Grill would reduce Plaintiff's hours, limit her ability to serve customers, and eventually, constructively terminate her employment, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

You need not find that the only reason for Defendant California Grill's decision, if any, was Plaintiff Carter's opposition to racial discrimination. But you must find that Defendant Carter's decision, if any, to reduce Plaintiff's hours, limit her ability to serve customers, and eventually, constructively terminate her employment, would not have occurred in the absence of—but for—her opposition to racially discriminatory conduct.

If you disbelieve the reason Defendant California Grill has given for its decision, you may, but are not required to, infer that Defendant California Grill would not have decided to reduce Plaintiff's hours, limit her ability to serve customers, and eventually, constructively terminate her employment but for her engaging in the protected activity.

## INSTRUCTION NO. 7

## CONSTRUCTIVE DISCHARGE

Plaintiff Carter claims that although Defendant California Grill did not fire her, she was constructively discharged.

To prove constructive discharge, Plaintiff Carter must prove by a preponderance of the evidence that her working conditions were so intolerable that a reasonable employee would feel compelled to resign.

"Intolerable working conditions" means more than conditions that are uncomfortable or worse than an employee might prefer. Teasing, making offhand comments, using offensive language, or making racial jokes generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign. Isolated incidents (unless extremely serious) generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign.

In determining whether Plaintiff Carter was constructively discharged, you must consider the evidence from both Plaintiff Carter's perspective and the perspective of a reasonable person. First, you must look at the evidence from Plaintiff Carter's perspective and determine whether she actually felt compelled to resign. Second, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances and determine whether an objectively reasonable person similarly situated would have felt compelled to resign. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, you must find that Plaintiff Carter in fact found her working conditions intolerable and also that a reasonable person in the same or similar circumstances as Plaintiff Carter would find those working conditions intolerable.

To prove constructive discharge, Plaintiff Carter must also prove the existence of an aggravating factor, such as:

1. Demotion;

2. Reduction in compensation;

3.  Reduction in job responsibilities;

4.  Reassignment to menial or degrading work; or

5.  Badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation.

## III. DAMAGES

## INSTRUCTION NO. 8

## SECTION 1981, TITLE VII, AND TCHRA DAMAGES

If you find that Defendant California Grill liable for hostile work environment, retaliation, or constructive discharge, then you must determine whether it has caused Plaintiff Carter damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Carter has proved liability. Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork.

On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit. You should consider the following elements of actual damages, and no others: the amount of damages sustained by Plaintiff, if any, related to inconvenience, mental anguish, emotional distress, loss of enjoyment of life, and other noneconomic losses.

To recover damages for mental and emotional distress, Plaintiff must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support her claims with competent evidence of the nature, extent, and duration of the harm.

10

Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for the harm she has sustained.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) that person engaged in the discriminatory act or practice while acting in the scope of her employment; and (3) that person acted with malice or reckless indifference to Plaintiff's federally protected right to be free from discrimination.

If Plaintiff has proved these facts, then you may award punitive damages, unless Defendant proves by a preponderance of the evidence that the act was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether the individuals who made the decision to engage in the discriminatory act(s) or practice(s) towards Plaintiff were a supervisor or manager for Defendant, you should consider the type of authority those individuals had over Plaintiff and the type of authority for employment decisions Defendant authorized those individuals to make. In determining whether any of the individuals who made the decision to engage in any discriminatory act(s) or practice(s) towards Plaintiff were a supervisor or manager for Defendant, the Court instructs you that Taylor Ratcliff was not a managerial employee for purposes of this decision.

An action is in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to

show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti- discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant acted with malice or reckless indifference to Plaintiff's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff is entitled to receive, you may, but are not required to, award Plaintiff an additional amount as punitive damages for the purposes of punishing the Defendant for engaging in such wrongful conduct and deterring Defendant and others from engaging in such conduct in the future. You should presume that Plaintiff has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant's conduct was. You may consider whether the harm Plaintiff suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's conduct that harmed Plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff.

2. How much harm Defendant's wrongful conduct caused Plaintiff.

3. What amount of punitive damages, in addition to the other damages already awarded, is

needed, considering Defendant's financial condition, to punish Defendant for its conduct toward Plaintiff and to deter Defendant and others from similar wrongful conduct in the future. The amount of any punitive damages should bear a reasonable relationship to the harm caused Plaintiff.

## IV. DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should

write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED this ___**30th**___ day of ___**MARCH**_____, 2022.


_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE